The opinion of the court was delivered by
Fenner, J.
August Gassie died in 1873, leaving a widow and two-minor children. His estate consisted entirely of community property, and, under the law, the widow was owner of one-half and was usufructuary of the other half, which belonged to her minor children.’
Auguste Gassie and his brother, William Gassie, were common owners of part of a plantation, which they worked in partnership, and were also mercantile partners in a store.
The succession of Auguste Gassie was opened and his widow qualified as tutrix of the minors, and her father, Emile Lefebre, as their under tutor, in which capacity they administered all the estate except the partnership property, of which William Gassie, as surviving-partner, was appointed administrator and qualified as such, Mrs. Gassie and Mr. Lefebre becoming securities on his bond.
After this the parties seem to have cut loose from the court and to have taken the administration of the estate into their own hands. The planting interest was conducted by them jointly, while William Gassie administered and carried on the affairs of the store.
It is very clearly shown that the mercantile copartnership was insolvent at the death of Auguste Gassie. Therefore the minors had no interest therein, and any profits made in conducting the business thereafter belonged jointly to Wm. Gassie and to Mrs. Gassie as. widow in community and as usufructuary. The same may be said of’ the fruits and revenues of the plantation. Thus, practically, the only real parties in interest were William Gassie and the widow.
They compromised and settled the debts as best they could, and, with the full sanction and co-operation of both, the store and plantation operations were carried on.
*241 They hacl frequent and full settlements with each other.
So matters went on until 1889, when Mrs. Gassi'e filed the present proceedings to compel William Gassie to account, and an order to that effect was issued by the judge.
In obedience thereto, Wm. Gassie filed a bungling account, containing serious errors, as subsequently shown, against himself, and, no doubt, others in his favor. But the testimony of William Gassie showed that the parties had taken cognizance of everything that had been done and had had annual settlements with each other, embracing all the matters in controversy, and his statements are not substantially contradicted either by Mrs. Gassie or her father, who advised and assisted her, and both of whom testified.
The judge a quo came to the conclusion that the matters involved in the account had been extra-judicially settled and liquidated between the parties, and, therefore, dismissed the whole case.
We think he did not err.
It is clear, as heretofore stated, that the only parties interested in this accounting are Wm. Gassie and Mrs. Gassie, personally. We have puzzled our brains over this confused record in a vain effort to adjust their rights upon the evidence adduced, and the only conclusion we have been able to reach is, that they are equally responsible for the inextricable confusion in which the matters are involved; that, at frequent intervals, they have gone over and agreed upon settlements to date, and that it passes the capacity of the most expert, on the evidence here presented, to make any better settlement than they have themselves already made.
Judgment affirmed.